RECEIVED
2005 OCT 28 P 4: 14
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NUMBER: 2:05CV1041-D |
| vs. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COME NOW the defendant, Dolgencorp, Inc., incorrectly designated as Dollar General Corporation and pursuant to 28 U.S.C. §1332, 1441, and 1446, give Notice of Removal of this action to the United States District Court before the Middle District of Alabama, Northern Division. As grounds therefor, the defendants say as follows:

1. This action was filed in the Circuit Court of Covington County on September 23, 2005 and is currently pending in said county bearing Civil Action Number 2005-227.

2. This action is removable pursuant to 28 U.S.C. §1441(a). This action has been removed based on diversity of citizenship as required by 28 U.S.C. §1332.

3. This action is a matter of which U.S. District Courts have jurisdiction in that the controversy is between citizens of different states. Jurisdiction is based upon complete diversity of citizenship, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs in compliance with 28 U.S.C. §1332.

4. The plaintiff. Mary Lacey, is a citizen of the State of Alabama.

5. The defendant, Dolgencorp, Inc., incorrectly designated as Dollar General Corporation is a corporation organized and existing under the laws of the State of Tennessee, and has its principle place of business in the State of Tennessee.

6. The defendant, Dolgencorp, Inc. was first served with the Complaint and Summons on or about September 29, 2005.

7. While no assertion is made in the plaintiff's Complaint about the amount in controversy, defendant believes that the amount in controversy requirement of 28 U. S. C. 1332(a) is satisfied in this case by a preponderance of the evidence due to the relief sought by plaintiff. See Tapscott v. M.S. Dealer Service Corp., 77 F.3rd 1353(11 Cir. 1996) Rev'd. on other grounds 204 F.3rd 1069 (11 Cir. 2000) (holding that when not alleged by the plaintiff, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000). The plaintiff, in this case, alleges not only a simple negligence claim, but also a separate count for wantonness. The plaintiff requests a jury award to her of an unspecified amount of compensatory and punitive damages in the Complaint. Based on Alabama law, the plaintiff is not bound by any damage allegations made in her Complaint, and a jury is free to award her in excess of what is being claimed in the Complaint. See, e. g., Fuller v. Preferred Risk Insurance Co., 577 So.2d 878, 883, 884 (Ala. 1991). The amount of compensatory and punitive damages, which are expressly requested by the plaintiff, is likewise committed to the jury's discretion under Alabama law and is not limited prejudgment by statute or formula. See, e. g. BMW of North America, Inc. v. Gore, 517 U. S. 559, 116 S. Ct. 1589 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U. S. 1(1991). Given the nature of plaintiff's claims and relevant law, the amount sought by the plaintiff, reasonably exceeds the amount in controversy requirement, exclusive of interest and costs.

Faced with similarly vague Ad Damnum language in other cases, federal courts in Alabama have routinely taken notice of the large punitive damages verdicts in Alabama and sustained removal over a plaintiff's argument that the amount in controversy was insufficient. See e. g. Tapscott v. M. S. Dealer Serv. Corp., 77 F.3rd 1353 (11 Cir. 1996); Bolling v. Union National Life Insurance Company, 900 F. Supp. 400, 404 (M. D. Ala. 1995); Steel v. Underwriters Adjusting Co., 649 F. Supp. 1414 (M. D. Ala. 1986). In Steel the court held:

> To allow a plaintiff claiming unspecified damages to avoid federal jurisdiction would violate this Court's notions of procedural fair play. A plaintiff should not be allowed to deprive a defendant of his right to remove through artful pleading practices . . .
>
> The plaintiff should not be allowed to rob a defendant of its right to removal by demanding such damages as may be fairly ascertained by the jury. Permitting such practice allows the plaintiff to have his cake and eat it too. In other words, the plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of the statutory amount. Such an approach is simply unfair and will not be permitted by this Court.

649 F. Supp. @ 1416. (Internal marks omitted).

Therefore, it appears more likely than not that the plaintiff is seeking in excess of $75,000, even though not alleged, thereby satisfying the amount in controversy requirement of 28 U. S. C. §1332(a)(1).

8.  This Notice of Removal was filed within 30 days of the date in which it first became removable.

9.  The documents attached and identified as Defendant's "Exhibit A" constitute all due process, pleadings and orders served upon, or received by the defendant in this action, as well as all the pleadings served by the defendant upon plaintiff in this action.

10. The Complaint alleges negligence and wantonness in the defendant's maintenance and care of its premises.

11. The plaintiff has demanded trial by jury.

12. A copy of this Notice of Removal has been filed with the Circuit Court of Covington County.

WHEREFORE, PREMISES CONSIDERED, defendants are entitled to remove this action from the Circuit Court of Covington County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

_____
Robert S. Lamar, Jr. (LAM002; ASB-9361-A39R)

_____
Rick D. Norris, Jr. (NOR034; ASB-0494-R81R)

**OF COUNSEL:**

**LAMAR, MILLER, NORRIS, HAGGARD
& CHRISTIE, P.C.**
501 Riverchase Parkway
Suite 100
Birmingham, Alabama 35244
(205) 326-0000

## CERTIFICATE OF SERVICE

     I certify that I have mailed a copy of the above and foregoing pleading by United States Mail, postage prepaid and properly addressed, on this the 28 day of October, 2005, on counsel of record as stated above.

Richard E. Crum, Esq.
COBB, SHEALY, CRUM & DERRICK
206 North Lena Street
Dothan, Alabama 36303

_____
Of Counsel