IN THE CIRCUIT COURT
OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| MARY LACEY, | ) | |
| *Plaintiff,* | ) | |
| vs. | ) | CIVIL ACTION NO. CV-2005-_____ |
| DOLLAR GENERAL CORPORATION, a corporation; and Fictitious Defendants A, B, C and D being those persons, corporations, and any other legal entity that may have caused contributed to or combined to have caused injury or damage to the Plaintiff and/or who are responsible for the injury and damages to the Plaintiff and whose true and correct names are unknown at present but will be added by amendment when ascertained, | ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

COMES NOW THE PLAINTIFF, Mary Lacey, and hereby files her Complaint against the Defendants, stating as follows:

1. Plaintiff is a resident and citizen of Red Level, Covington, Alabama, currently residing at 28267 Fairmont Lane, Red Level, Alabama 36374. Plaintiff is over nineteen (19) years of age.

2. Defendant, Dollar General Corporation, (hereinafter referred to as "DGC"), is a foreign corporation not authorized to do business in the State of Alabama. Its home office is located at 100 Mission Ridge, Goodlettsville, Tennessee 37070. It is subject to service of process there. Defendant DGC is doing business at 925 River Falls Street, Andalusia, Covington County, Alabama 36420.

FILED IN OFFICE

SEP 2? 2005

1

3. Those unknown or fictitious Defendants named herein are the persons, partnerships, corporations, associations, or other legal entities who on the occasions complained of in this Complaint, committed the acts of fraud, deceit, misrepresentation, negligence, wantonness, and breach of contract alleged herein, all of whose true names are otherwise unknown to the Plaintiffs at this time, but will be added by amendment when ascertained.

4. This Honorable Court has both subject matter jurisdiction over the claims presented and personal jurisdiction over the parties hereto.

## COUNT I - NEGLIGENCE

5. Plaintiff adopts and re-avers Paragraphs One through Four (Numbered 1-4) as stated above, as if fully set out and re-alleged herein.

6. On or about October 9, 2003, Plaintiff entered Defendant's place of business located at 925 River Falls Street, Andalusia, Covington County, Alabama 36420, to do some personal shopping.

7. At that time, upon entering the store, Plaintiff stumbled over a rug and fell to the floor, injuring her head, neck, arm, upper extremities, and body as a whole.

8. Defendant(s) had a duty to ensure the Plaintiff's safety as she entered Defendant's store.

9. Defendant(s) had a duty to properly inspect the entrance to their store, to properly clear the entry way, and to guard against causing falls and/or similar instances, e.g.

10. Defendant(s) Breached the Duty that they owed to the Plaintiff, through their negligence, as stated above, e.g.

11. Defendant's negligence was the direct and proximate cause of the damages sustained by Plaintiff.

12.    Said negligence contained in the above paragraphs caused Plaintiff extreme damage in that, Plaintiff suffered a contusion to her head, a broken arm, as well as bruises. Plaintiff was caused to spend time in the hospital and to incur all manner of other medical expenses, Plaintiff was caused to suffer extreme and severe emotional distress, Plaintiff has been permanently disfigured, and as such, Plaintiff has been caused to hire an attorney. Plaintiff has also suffered all manner of other damages as well.

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants in an amount necessary to fully compensate her for all injuries and damages that she has sustained. Plaintiff further demands punitive damages of Defendant. Said damages shall be determined by the trier of fact. In addition, Plaintiff demands any and all costs, expenses, interest, and other damages as allowed by law.

### COUNT II - WANTONNESS

13.    Plaintiff adopts and re-avers Paragraphs One through Twenty (Numbered 1-20) as stated above, as if fully set out and re-alleged herein.

14.    On or about October 9, 2003, Plaintiff entered Defendant's place of business located at 925 River Falls Street, Andalusia, Covington County, Alabama 36420, to do some personal shopping.

15.    At that time, upon entering the store, Plaintiff stumbled over a rug and fell to the floor, injuring her head, neck, arm, upper extremities, and body as a whole.

16.    Defendant(s) had a duty to ensure the Plaintiff's safety as she entered Defendant's store, or alternatively, Defendant(s) should have known of the potentially dangerous situation of

3

the rug that was turned up at the entrance of their store and were reckless in not discovering same.

17. Defendant(s) had a duty to properly inspect the entrance to their store, to properly clear the entry way, and to guard against causing falls and/or similar instances, e.g.

18. Defendant's Breached the Duty that they owed to the Plaintiff, through their wantonness, as stated above, e.g.

19. Defendant's wantonness was the direct and proximate cause of the damages sustained by Plaintiff.

20. Said negligence contained in the above paragraphs caused Plaintiff extreme damage in that, Plaintiff suffered a contusion to her head, a broken arm, as well as bruises. Plaintiff was caused to spend time in the hospital and to incur all manner of other medical expenses, Plaintiff was caused to suffer extreme and severe emotional distress, Plaintiff has been permanently disfigured, and as such, Plaintiff has been caused to hire an attorney. Plaintiff has also suffered all manner of other damages as well.

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants in an amount necessary to fully compensate her for all injuries and damages that she has sustained. Plaintiff further demands punitive damages of Defendant. Said damages shall be determined by the trier of fact. In addition, Plaintiff demands any and all costs, expenses, interest, and other damages as allowed by law.

### FICTITIOUS DEFENDANTS

21. Plaintiff adopts and re-avers Paragraphs One through Twenty-two (Numbered 1-22) as stated above, as if fully set out and re-alleged herein.

22. The identity of each Fictitious Party referred to herein is unknown to the Plaintiff at the present time. Plaintiff will name and identify Fictitious Parties upon completion of and/or during discovery. Without re-allegation and/or repetition, the Fictitious Defendants are accurately described and referred to in the caption of this Complaint and that description is adopted and incorporated as if set out in full herein.

23. As a proximate result of the wrongful conduct of the Fictitious Defendants alleged in the caption of the Complaint and adopted and incorporated as if set out in full herein, the Plaintiff was injured and damaged as alleged.

24. Wherefore, Plaintiff adopts and realleges all of the foregoing causes of action, as specifically stated above, against all fictitiously pled Defendants, as if specifically set out and realleged herein in full.

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff demands Judgment against the fictitious Defendants in an amount necessary to fully compensate her for all injuries and damages that she has sustained. Plaintiff further demands punitive damages of said Defendants. Said damages shall be determined by the trier of fact. In addition, Plaintiff demands any and all costs, expenses and other damages as allowed by law.

## JURY DEMAND

Plaintiff demands Trial by struck jury as to all of the issues in this Complaint.

Done this the 22nd day of September, 2005.

Richard E. Crum, Esq. (CRU012)
Attorney for Plaintiff

5

OF COUNSEL:
**COBB, SHEALY, CRUM & DERRICK**
206 North Lena Street
Dothan, Alabama 36303
(334) 677-3000

**PLEASE SERVE DEFENDANTS AT:**

Dollar General Corporation
100 Mission Ridge
Goodlettsville, Tennessee 37070