IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY LACEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2:05cv1041-D |
| v. | ) | (WO) |
| | ) | |
| DOLLAR GENERAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the court is Plaintiff Mary Lacey's motion to remand. (Doc. No. 3.) Plaintiff originally filed this lawsuit in the Circuit Court of Covington County, Alabama, alleging that she was injured as result of Defendant Dollar General Corp.'s negligence and wantonness when she tripped on a rug while shopping in one of Defendant's stores. Defendant timely filed a Notice of Removal to the United States District Court for the Middle District of Alabama, alleging diversity jurisdiction as the basis of removal. See 28 U.S.C. §§ 1332(a), 1441(b). Claiming that the amount in controversy is insufficient to invoke the court's jurisdiction, Plaintiff moves for remand for lack of subject matter jurisdiction. For the reasons to follow, the court finds that the requisite amount in controversy is not present in this case and that, therefore, the motion to remand is due to be granted.

## II. REMAND STANDARD

A defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)). Accordingly, the federal removal statutes must be strictly construed against removal, and, generally speaking, all doubts about removal must be resolved in favor of remand. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

Here, Defendant predicates federal removal jurisdiction based upon diversity of citizenship. See 28 U.S.C. §§ 1332(a), 1441(b). A federal district court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000. See Tapscott v. MS

Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

Whether a federal court has jurisdiction over a removed lawsuit depends upon the pleadings at the time of removal. See Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000). "If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, do not divest the court of jurisdiction." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Poore, 218 F.3d at 1291).

### III. BACKGROUND

Plaintiff alleges that on or about October 9, 2003, she entered Defendant's place of business in Andalusia, Alabama, and "stumbled over a rug and fell to floor, injuring her head, neck, arm, upper extremities, and body as a whole." (Compl. ¶¶ 6- 7.) In her two-count Complaint, Plaintiff brings claims against Defendant for negligence and wantonness and seeks an unspecified amount of compensatory and punitive damages.

### IV. DISCUSSION

Plaintiff has moved for remand in this case arguing that the jurisdictional amount has not been met. In support of her contention, Plaintiff has submitted an Affidavit in which she states that she did not intend to seek damages in excess of $75,000 at the time the Complaint was filed; that the amount of damages claimed is and will forever be less

than the jurisdictional minimum; that she will under no circumstances accept a judgment or settlement in this case in excess of $75,000; and that her limitation of damages is binding on her "heirs and assigns." (Pl. Aff. at 1 (attached as Ex. A. to Mot. to Remand).)

Although Plaintiff cannot reduce her claim for damages after removal to defeat federal court jurisdiction, see St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293-94 (1938), Plaintiff has stated by affidavit that she intended at the time the Complaint was filed to seek no more than $75,000 in damages. That is the time when the jurisdictional amount is measured. Based on Plaintiff's Affidavit, the court finds that Plaintiff did not seek more than the jurisdictional amount when she filed her Complaint. See Poore, 218 F.3d at 1291; Brooks v. Pre-Paid Legal Servs., Inc., 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001) (DeMent, J.). Consequently, the court finds that it is divested of subject matter jurisdiction over this removed case.

Plaintiff also has stated that, in this case, she will neither seek nor accept an award for more than the jurisdictional amount. The court emphasizes that, while it does not call into question the integrity of Plaintiff's damages limitation, should she disregard her demand and pursue or accept damages in excess of $75,000, then upon application to the court by opposing counsel, an investigation into the representations of Plaintiff's counsel to this court will be swift in coming. Further, the court forewarns Plaintiff that sanctions, should they be deemed appropriate, will be painful upon arrival. See Fed. R. Civ. P. 11; M.D. Ala. L.R. 83.1.

## V.  ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Covington County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 30th day of November, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE